```
UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
```

| MARIE L. BANKS-GERVAIS, | |
|---|---|
| Plaintiff, | ORDER |
| - versus - | 12-CV-6339 (JG) |
| MEDICARE CONTRACTOR, | |
| Defendant. | |

JOHN GLEESON, United States District Judge:

Plaintiff Marie Banks commenced this *pro se* action on December 19, 2012, and seeks leave to proceed *in forma pauperis*. For the reasons set forth below, her request to proceed *in forma pauperis* is granted solely for the purpose of this Order, and the complaint is dismissed for lack of subject matter jurisdiction.

BACKGROUND

On October 31, 2012 Banks received a letter from Medicare Secondary Payer Recovery Contractor ("MSPRC") stating that a case had been opened because she filed a "liability insurance (including self-insurance, no-fault insurance, or workers' compensation claim." Compl. at p. 4. It seems that Banks, who has Medicare, filed a claim regarding "an incident" that occurred on September 11, 2010. *Id*. The letter informs Banks of the forthcoming process and how the company may be contacted. Banks' lawyer, "Law Office of Geroge A." was also provided with a copy of the letter. *Id.* at 7.

The portion of the process about which Banks complains is Medicare's practice of making "conditional payments" to claimants. Under the Medicare Secondary Payer laws (42 U.S.C. § 1395y(b)), Medicare does not pay services to the extent that payment has been, or may reasonably be expected to be, made through a no-fault or liability insurer or through Workers'

Compensation. Medicare may make a conditional payment when there is evidence that the primary plan does not pay promptly, conditioned upon reimbursement when the primary plan does pay. Once the MSPRC has information concerning a potential recovery situation, it will identify the affected claims and begin recovery activities for the amount specified.

Banks argues that "Medicare should ask the Hospital to refund them of the money paid . . . not the patient." Compl. ¶ III. And she requests, "[s]top the [r]aid of my [g]overnment [b]enefits and other patient accident victims[.] Recovery of the [g]overnment money from the [h]ospital . . . [n]ot from ME." Compl. ¶ IV.

## DISCUSSION

A. *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the

complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id.* at 476 (internal quotation marks and citation omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, Banks must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "Where jurisdiction is lacking . . . dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12 (h)(3).

B. *Analysis*

The Court does not have subject matter jurisdiction over Banks's Medicare claim under its federal question jurisdiction. As the letter attached to Banks's complaint clearly states, there are administrative steps in order to appeal or request a waiver of recovery if Banks disagrees with the decisions that have been made regarding her claim. Banks does not allege that she has actually been directed to repay Medicare or that she has taken administrative steps to appeal or seek a waiver. The Medicare Act, which incorporates the judicial review provisions of section 405(g) of the Social Security Act, empowers federal district courts to review administrative decisions only where there has been a "final decision. . . made after a hearing." 42 U.S.C. § 405(g); 42 U.S.C. § 1395ff(b)(1)(A); *see also Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) ("[A] federal court may review a Medicare determination . . . only where a claimant has obtained a final agency decision.").

Nor does the Court have diversity jurisdiction. Although the parties are evidently citizens of different states (MSPRC seems to be located in Oklahoma, *see* Compl. at p. 4), there is no allegation that the amount in controversy exceeds the statutory amount of $75,000.

Whereas, ordinarily, the Court would allow plaintiff an opportunity to amend her pleading, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), it need not afford that opportunity, where, as here, it is clear from the face of the complaint that the court does not have subject matter jurisdiction.

## CONCLUSION

Accordingly, the Court dismisses the instant *pro se* complaint because it lacks subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3) and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any state law claims which plaintiff may be seeking to raise are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would

not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: April 16, 2013
      Brooklyn, New York